EAGLE IRON WORKS v. MADER.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

SET-OFF AND COUNTERCLAIM (§ 41*)—CONTRACTS—ACTION BY SUBCONTRACTOR AGAINST CONTRACTOR.

A subcontractor, not a party thereto, was not bound by the agreement between the contractor and the owner of the property, whereby, in lieu of liquidated damages for failure to complete the work within the contract time, a certain amount should be paid by the contractor for other purposes, so that, in an action by such subcontractor for material furnished, the contractor could not set off against the claim the amount paid by him, though the subcontractor was wholly responsible for the delay for which the liquidated damages might have been claimed.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 76–79; Dec. Dig. § 41.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by the Eagle Iron Works against Louis Mader. Judgment for defendant, and plaintiff appeals. Reversed, and a new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and CARR, JJ.

John J. Curtin, for appellant.
Francis A. McCloskey, for respondent.

JENKS, J. The plaintiff was a subcontractor, the defendant the contractor, and this action is brought to recover a balance due for goods, wares, and merchandise furnished to the defendant. The claim was for $117.24. Two defenses "counterclaimed"—(1) $350, and (2) $76.10. The learned Municipal Court allowed the plaintiff's claim, allowed the first "counterclaim," but disallowed the second "counterclaim," so that the defendant recovered a judgment for $232.76.

I think that this was error. The defense in question set up that the contract between the defendant and the owner of the premises provided that the work was to be done on November 15, 1907, and that in default thereof the contractor would pay $20 a day for liquidated damages, unless it could be clearly shown to the satisfaction of the architect that such delay was caused by a combination of the contractor's workmen, or by the act of God, or by a suspension of the work by written order of the architect; that plaintiff failed in the performance of his contract with the defendant; that such delay was not due to any of the said excepted causes; that by reason of the delay defendant was obliged to pay and did pay $350 as and for liquidated damages under the contract (i. e., that with the owner); and that plaintiff's contract with the defendant was to be completed by November 15, 1907.

The defendant, to establish this defense, gave evidence that May, an officer of the plaintiff, received personal injuries from falling into an excavation in the premises; that he presented a claim therefor against the owner thereof; that the owner agreed with the defendant that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he would release the defendant from the claim against him for liqui-
dated damages for delay under the contract if the defendant would pay
May $350 in satisfaction of May's claim.   But it does not appear that
the plaintiff was party or privy to this arrangement, or consented in
any way thereto.   As the plaintiff was not privy to the contract be-
tween the defendant and the owner, he certainly could not be bound
by this adjustment of the liquidated damages, even though he was
wholly responsible for the delay of the defendant.   See Carver v.
Hall, 3 App. D. C. 170, and cases cited.

The judgment is reversed, and a new trial is ordered; costs to
abide the event.   All concur.

